**Clark SQUIRE, Collector of Internal Revenue for the District of Washington, Appellant,**

v.

**Horton CAPOEMAN and Emma Capoeman, his wife, Appellees.**

No. 13640.

United States Court of Appeals, Ninth Circuit.

March 11, 1955.

H. Brian Holland, Asst. Atty. Gen., Karl Schmeidler, Ellis N. Slack, Helen Goodner, Carolyn R. Just, Sp. Assts. to Atty. Gen., Thomas R. Winter, Atty., Internal Revenue Service, Charles P. Moriarty, U. S. Atty., Seattle, Wash., Guy A. B. Dovell, Asst. U. S. Atty., Tacoma, Wash., for petitioner.

John W. Cragun, Wash., D. C., Kenneth R. L. Simmons, Billings, Mont., for respondents.

Before HEALY, BONE and CHAMBERS, Circuit Judges.

PER CURIAM.

This case has to do with the taxability as income of the proceeds of a sale of timber on trust allotted land of a tribal Indian.

Under the provisions of a Treaty with the Quinaielt Indian Tribe, 12 Stat. 971, tribal lands in what is now the State of Washington were transferred to the United States. By the terms of the treaty an area was reserved therefrom and set apart for the exclusive use of the members of the tribe. Pursuant to the terms of the treaty and of the General Allotment Act of 1887, 24 Stat. 388, 25 U.S.C.A. § 331 et seq., a trust patent was issued to appellee Horton Capoeman for some ninety-three acres of tribal land within the Quinaielt Reservation. The

fee title to this land was and still is in the United States in trust for Capoeman (an unemancipated member of the tribe) to be conveyed to him or his heirs at the end of the trust period in fee "discharged of said trust and free of all charge or incumbrance whatsoever". 25 U.S.C.A. § 348.

In 1943, pursuant to a contract of sale entered into by the Bureau of Indian Affairs, with Capoeman's consent, standing timber on the latter's allotment was sold, cut and paid for. The timber, it is agreed, constituted the chief value of the land. A minor part of the sales price was distributed to Capoeman, the bulk of it being retained in trust for him by the United States. Capoeman and his wife, Emma, filed for that year a joint income tax return reporting long-term capital gain from the sale. Subsequently they brought this suit for refund of the tax paid, and the district court granted judgment in their favor.

The opinion of the trial judge is reported in 110 F.Supp. 924. Inasmuch as we agreed with the judge's holding and in the main with the reasons given for it, no useful purpose would be served by our again plowing that field. Enough to say that in our view this attempt to tax evidences, at the least, a sorry breach of faith with these Indians. We may add that while the court below appeared to regard as distinguishable the decision of the Tenth Circuit in the Cognate case of Jones v. Taunah, 186 F.2d 445, we see no ground upon which the holding can be distinguished. Rather, we agreed with the dissenting opinion of Chief Judge Phillips.

Affirmed.